# Lesieur's Estate.

*Will—Husband and wife—Intestate laws—Husband as " legal represent-ative" of wife.*

Where a will devises real estate in trust for a niece during life, and at her death to the nominee of her will, "or in default of a will to her legal representatives," and the niece subsequently dies after arriving at full age intestate, leaving to survive her a husband and two children, the husband is not entitled to take a share of the estate as one of the "legal representatives" of his wife.

Argued Jan. 6, 1903. Appeal, No. 91, Jan. T., 1902, by Charles Joly, from decree of O. C. Phila. Co., Oct. T., 1900, No. 510, dismissing exceptions to adjudication in estate of Louis Lesieur, deceased. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

Before HANNA, P. J., the auditing judge, an attachment sur judgment was presented as a claim against a debt alleged to be due by testator to the executor, John C. Springman, the accountant. The claim was objected to by counsel for the executors. As to this claim HANNA, P. J., found as follows:

Mr. Brightly offered in evidence a copy of an attachment sur judgment wherein Charles Joly is plaintiff, John C. Springman, defendant, and John C. Springman, executor, is garnishee, issued March 15, 1899, from court of C. P. No. 3, to December term, 1894, No. 620, real debt, $2,770.87.

Interest from March 1, 1899, and costs, which was duly served upon said defendant, and as garnishee.

By said writ it appears, were attached, inter alia, " debts due to John C. Springman, which came into the hands of Louis Lesieur, executor of the last will and testament of Alfred Nicholas Verrier, deceased, and which became due the said John C. Springman by the said Louis Lesieur, executor as aforesaid, in his lifetime, and which has since come into the hands of the said John C. Springman as executor of the said Louis Lesieur, deceased, or which became due and owing the said John C. Springman by the said Louis Lesieur in his lifetime."

Mr. Brightly also offered in evidence a copy of a will executed by A. N. Verrier on June 14, 1866, by which, inter alia, he appointed said Louis Lesieur executor, and gave all his estate to his executor in trust, to pay one half the income of his estate to his (testator's) father for life and to expend the other half part of the income for the use and benefit of testator's niece, Caroline Lesieur, and his nephew, Louis Lesieur, until his niece became twenty-one years of age, and his nephew twenty-five years of age. After his niece arrived at her twenty-first year, she was to receive her share of the income, free from her debts and control of any husband she may have or take.

If she died before arriving at said age, leaving no issue, the principal sum or estate on which accrued her share of the profits to go to his nephew. But if she died "after arriving at said age, then said principal sum shall go to the nominee of her will, or in default of a will to her legal representatives."

It is thus gathered from the will the testator gave to his niece one half the income and profits of his entire estate for her life, with a power of appointment by will of the principal from which the income was derived, and in default of such appointment, then he bequeathed and devised said share to her legal representatives.

From the statement of facts agreed upon by counsel, it seems the said testator, A. N. Verrier, was the owner of an undivided one-half interest in the real estate Nos. 119 and 121 South Seventh street, in this city, and his brother-in-law, Louis Lesieur, the present testator, was the owner of the other undivided half and the father of Caroline and Louis Lesieur, niece and nephew of said testator.

Said Caroline Lesieur survived her uncle and married John C. Springman, but on December 16, 1879, she died intestate leaving surviving her husband and two children, Louis Lesieur and Amelia G. Springman, the latter now Von Kleek.

Said Louis Lesieur at the date of his daughter's death in December, 1879, occupied a portion of said premises, and from that date until his own death, on March 2, 1899, and also during this period collected the rents from the other portion of the real estate.

The auditing judge disallowed the claim.

Exceptions to the adjudication were dismissed in an opinion by ASHMAN, J.

*Error assigned* was in dismissing exceptions to adjudication.

*P. K. Erdman,* with him *F. F. Brightly,* for appellant.— John C. Springman is one of the "legal representatives" of his deceased wife and, as such, during his lifetime, is entitled under the will of Alfred Nicholas Verrier, deceased, to the real estate devised in trust for her: Ivins's App., 106 Pa. 176; Dodge's App., 106 Pa. 216; Clark v. Scott, 67 Pa. 446; Ryan's Est., 14 W. N. C. 79; Ashton's Est., 134 Pa. 390; Eby's App., 84 Pa. 241; Gibbons v. Fairlamb, 26 Pa. 217; Potter's Est., 13 Phila. 318; Ralston v. Waln, 44 Pa. 279; Ringwalt v. Ring-walt, 4 Penny. 276; Cotton v. Cotton, 2 Beav. 67; Surman v. Wharton, L. R. (1891) 1 Q. B. Div. 491; Griswold v. Sawyer, 125 N. Y. 411; Murray v. Strang, 28 Ill. App. 608; Johnson v. Johnstone, 12 Rich. Eq. 259; Watson v. Bonney, 4 N. Y. Super. Ct. 405.

*David N. Fell, Jr.,* with him *Henry Spalding,* for appellee.— The term "legal representatives" strictly means executors and administrators. But where the context shows that the persons intended by that description are to take beneficially, and the subject-matter of the gift is personal property, the term will be construed to mean next of kin under the statutes of distribution: Bridge v. Abbot, 3 Brown's Chancery Cases, * 224; Cotton v. Cotton, 2 Beav. 67; Gibbons v. Fairlamb, 26 Pa. 217; Potter's Est., 13 Phila. 318.

Where, however, the gift is of real estate to the "legal representatives" of the first taker either as a gift in remainder or by way of substitution, the term "legal representatives" must be construed as "heirs," as the heirs are those who represent the first takers in the sense of succeeding to his interest in real estate in the same sense that the next of kin succeed to his interest in personal property: Atherton v. Crowther, 19 Beavan, 448 (1854); Ringwalt v. Ringwalt, 4 Penny. 276; Duncan v. Walker, 2 Dallas, 205.

Although a husband and a wife are "heirs" to each other when the gift is of personal property, because the word "heir"

is construed as the next of kin under the statute of distribution when the gift is of personalty: Gibbons v. Fairlamb, 26 Pa. 217; Boyd's Est., 199 Pa. 487; Neely's Est., 155 Pa. 133; Eby's App., 84 Pa. 241; yet when the subject-matter of the gift is real estate, neither a husband nor a wife is "heir" to the other: Dodge's App., 106 Pa. 216; Ivins's App., 106 Pa. 176.

OPINION BY MR. JUSTICE POTTER, February 23, 1903:

By his last will and testament, A. N. Verrier devised to his niece, Caroline L. Springman, the income from certain real estate for the term of her natural life. And in case of her death after arriving at the age of twenty-one years, the principal, or estate from which the income was derived, was to go to the nominee of her will, or in default of a will, to her "legal representatives."

She did die intestate, after attaining the age of twenty-one years, leaving to survive her a husband and two children. The question here for determination, is whether the husband is one of the "legal representatives" of his deceased wife, within the meaning of the term as employed in the will of A. N. Verrier.

If the gift had been of personalty, the answer would have been in the affirmative: Eby's Appeal, 84 Pa. 241. But this is a disposition of real estate, and it has been frequently determined that when used in connection with a devise of realty, the words "legal representatives" are to be construed as equivalent to the word "heirs:" Duncan v. Walker, 2 Dall. 205; Ware v. Fisher, 2 Yeates, 578; Commonwealth v. Bryan, 6 S. & R. 81. Neither at common law, nor under our intestate act, are husband and wife heir to each other, as concerns estate in real property. Dodge's Appeal, 106 Pa. 216.

In the present case we see nothing in the will which would warrant any broadening of the strict legal meaning of the words used, or justify their application in any other than their technical sense. "The husband is neither the heir nor the next of kin of his wife in the technical sense of those words:" Ivins's Appeal, 106 Pa. 176.

The testator made specific provision against any control over the property on the part of the husband, during the life of the wife, and no expressions are found in the will, which indicate

any intention that the husband should take any benefit from the devise, in case of her death, intestate.

The children of Caroline L. Springman as her "heirs" must be considered as the true beneficiaries, under this portion of the will of A. N. Verrier. We concur entirely in the conclusion of the orphans' court, that John C. Springman took no interest in the devise to his wife, and this appeal is dismissed, and the decree is affirmed at the cost of appellant.