## McDaniel, Appellant, v. McDaniel.

*Will—Devise—Life estate—Contingent remainder.*

Where a testator devises land to a son for the term of his natural life, and on his decease to the children of his son then living, and the children of such of them as shall then be dead, and if the son should die without having such child or children or grandchildren, then the property should go to other children and grandchildren of the testator, the son takes an estate for life and if he survives his father, has a child which dies, and then dies himself, the other children and grandchildren of the testator named in the will take the remainder.

Argued Oct. 24, 1907. Appeal, No. 148, Oct. T., 1907, by plaintiff, from judgment of C. P. Washington Co., Aug. T., 1907, No. 19, for defendants on case stated in suit of Mary M. McDaniel v. Andrew McDaniel. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated on a rule to settle title under the Act of June 10, 1893, P. L. 415. Before TAYLOR, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendants.

*James A. Magill,* for appellant.

*James P. Eagleson,* for appellees.

PER CURIAM, January 6, 1908 :

The devise of one tract to Joseph McDaniel through whom. the plaintiff claims was " for the term of his natural life and no longer," with remainders " to the children of my said son Joseph McDaniel then living, and the children of such of them as shall then be dead. . . . And if my said son Joseph shall die without having such child or children and grandchildren, then the said properties are to go to the children of my son Andrew M'Danel, then living, and the children of such of them as shall then be dead."

The devise of the other tract was to " Joseph for the term of his natural life, . . . . and after the death of my said son Joseph, then the last described property shall go to his children then living, and the children of such of them as shall then be deceased, in equal parts or shares; but if my son Joseph should die, not then having any living children or any children of a deceased child, of his, then the last described property shall go to my two sons Robert and Andrew for their lives, and for the life of the survivor, etc.

The devises were of a definite life estate and the remainders contingent. on the existence of children or grandchildren of Joseph at his death. Nothing could be clearer than the testator's actual intent that the event on which the contingency depended was not his own death but that of Joseph, the life tenant. Joseph had a child, but she died before he did, and when the time for determining the contingency arrived there was no child or grandchild of Joseph " then living " and by the clear expression of the testator's intent the remainder-men under the will were his sons Robert and Andrew and the latter's children : Wood v. Schoen, 216 Pa. 425.

Judgment affirmed.