# Hildebrant's Estate.

*Wills—Construction—Remainder—Life estate — Gift "divided among my relations"—"Upon and after."*

1. While the gift of a remainder "upon and after" the expiration of a life estate, does not necessarily prevent its vesting at the death of testator, yet it will be so held if the language of the will, taken in its entirety, clearly discloses this to have been the intent.

2. This is the usual legal conclusion where the gift to the remaindermen is found only in a direction to "divide" the estate among them, after the death of the life tenant.

3 A son cannot be "relatives" in a gift to "relatives" after the death of the son as life tenant; the plural form of the word excludes this possibility.

4. That the remainder is to be "divided among my relatives" after the death of the son as life-tenant, leads to the same conclusion. "Divided among" carries with it the thought that more than two are to take.

Argued May 17, 1920. Appeal, No. 282, Jan. T., 1920, by William H. Hildebrant, from judgment of Superior Court, Oct. T., 1919, No. 93, affirming decree of O. C. Lancaster Co., April T., 1903, No. 87, dismissing exceptions to adjudication in estate of Martin Hildebrant, deceased. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Reversed.

Appeal from Superior Court. See 73 Pa. Superior Ct. 255.

The opinion of the Supreme Court states the facts.

The Superior Court affirmed the decree of the orphans' court: see opinion of latter court in 36 Lancaster Law Rev. 74, and 8 Lehigh Co. L. J. 152. William H. Hildebrant, a collateral relative, appealed.

*Errors assigned* were dismissal of exceptions in the court below, and the decree, quoting them.

*John A. Nauman,* for appellant.—The evident intention of the testator runs all through his will. He provides for his sisters, brothers, wife, son and his son's children, if he has any, and if his son has no children, he then desires that his estate pass to his relatives, not to his relatives at the time of the death of testator, but his relatives, whoever they may be, at the time of the death of Harry K. Hildebrant, without children. He wanted his estate to go to his relatives of his own blood, his own family, the Hildebrants, in case Harry died without children: Jordan v. McClure, 85 Pa. 495; High's Est., 136 Pa. 222; Wood v. Schoen, 216 Pa. 425; Stewart's Est., 147 Pa. 383.

*Frank S. Groff,* for appellee.—The only person who answers the description of the ultimate remainderman in the will of Martin Hildebrant, deceased, is his only child, Harry K. Hildebrant: McFillin's Est., 235 Pa. 175; Stewart's Est., 147 Pa. 383; Fitzpatrick's Est.,

233 Pa. 33; McCrea's Est., 180 Pa. 81; Tatham's Est.,
250 Pa. 269; Lewis's Est., 203 Pa. 219.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1920:

By his will Martin Hildebrant made certain minor
gifts, not necessary to be here considered, and in dis-
posing of the residue of his estate gave the income there-
of to his wife for life; on her death the income to his
son Harry, for life, upon a spendthrift trust; "and
upon and after the death of my said son, Harry K. Hilde-
brant, and subject to all the foregoing provisions of this
my will, I direct my executor or executors to give and
pay all the residue and remainder of my estate, real, per-
sonal and mixed, to such child or children as the said
Harry K. Hildebrant may leave to survive him; and, in
the event that he shall die without leaving issue, I direct
my estate to be divided among my relatives under the
intestate laws of Pennsylvania." He left surviving him
his widow, his son, and certain collateral relatives, one
of whom is the appellant. The son died first, intestate,
never having had any children, but leaving as his next
of kin his mother and his widow; then the son's widow
died; and finally the widow of testator died.

Upon settlement of the final account of testator's exec-
utors, the auditing judge awarded the residuary estate
to the son's administrator; but, upon the hearing of
exceptions filed by testator's collateral relatives, he
reached a different conclusion, and, after dismissing the
exceptions, made a final decree awarding one-half the
residue to the administrator of the estate of testator's
widow, and the other half to the executor of the will of
the son's widow. From this decree, William H. Hilde-
brant, one of the collateral relatives, prosecuted an ap-
peal to the Superior Court which affirmed the decree by
a divided court, and therefrom the present appeal was
allowed. The only question for consideration is: Who
are meant by the word "relatives" in the residuary clause
of testator's will?

As already quoted, it gives to the widow and son successive life estates, and then proceeds: "upon and after the death of my said son......and subject to all the foregoing provisions of this my will I direct my executor or executors to give and pay all the rest and residue of my estate......to such child or children as the said Harry K. Hildebrant may leave to survive him." It may be admitted that the use of the words "upon and after" would not alone prevent a vesting of the estate; but it is clear, from the foregoing language, that those who are to take the residue are not the grandchildren who survive the testator, but those, if any, who survive his son. It is fair to presume this thought was continued throughout the balance of the will; indeed it is the normal meaning of the words: "in the event that he [the son] should die without leaving issue [which of course means issue surviving him and not issue surviving the testator] I direct my estate to be divided among my relatives under the intestate laws of Pennsylvania"; and it is also the usual legal conclusion, where, as here, the gift to the remaindermen is found only in the direction to "divide" the estate among them: Moore v. Smith, 9 Watts 403; Rau's Est., 254 Pa. 464; Evans's Est. (No. 1), 264 Pa. 357.

Moreover, while it is of course true that a son may be held to be a relative, even though he is called "son" everywhere else in the will, and though popularly he never would be called a relative, yet certainly a son cannot be "relatives"—the plural form of the expression necessarily excluding him. McFillin's Est., 235 Pa. 175, relied upon by appellees, is not controlling. There the gift in remainder was to the "person or persons who shall be entitled thereto as my next of kin." The son there was a "person" who was the "next of kin" of that testator; while here the son cannot be "relatives" of this one.

The same conclusion follows from the provision that the estate shall then be "divided among" his relatives.

"Divided among" necessarily refers to a gift to more than two relatives, and hence excludes the son, even if technical rules of construction would otherwise call for a decision in his favor.

Considering the will in its entirety, as of course we must, we have reached the conclusion, for the reasons above stated, that the balance for distribution should have been awarded to testator's collateral relatives, who survived his son Harry.

The decree of the court below is reversed and the record is remitted with directions to make distribution in accordance with this opinion; appellees to pay the costs of this appeal.