## Troxell's Estate.

*Decedent's estates—Wills—Interpretation—"Deceased heirs. and representatives."*

A testatrix devised all of her real estate in trust for the lives of her son and granddaughter, and upon the death of either directed that "such deceased one's share of the said rents and income shall be devoted and applied to such deceased one's heirs and legal representatives," during the life of the survivor. The son died leaving a widow but no lineal descendants.

*Held:* That the widow, under the laws as they existed at the time of the death of the testatrix, was not an heir of her husband's real estate, and did not participate in the income under the trust.

KELLER, J. dissents.

Argued December 9, 1926.   Appeal No. 157, October T., 1926, from judgment of O. C. Lehigh County, File No. 10871, dismissing exceptions to adjudication in the estate Eliza Troxell, Deceased.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Exceptions to Auditor's report.   Before IOBST, J.

The facts are stated in the opinion of the Superior Court.

The Court entered the following decree:

Now, April 10th, 1926, the Exceptions filed to the report of the Auditor by Ursula V. O'Neal be and are hereby disposed of as follows:

EXCEPTION 1.   The Auditor erred in finding as a fact that Clara K. Troxell, wife of Norman L. C. Troxell was an heir and legal representative of Nor-

man L. C. Troxell, deceased, and thus entitled to share in the distribution of the personal estate of Eliza A. Troxell, deceased, and now in the hands of the Trustee. The Auditor erred in distributing the sum of Three hundred and forty-two dollars and twenty-five cents ($342.25) to Clara K. Troxell, as an heir of Norman L. C. Troxell, deceased. Exception dismissed.

EXCEPTION 2. The Auditor erred in finding as a fact that Clara K. Troxell, wife of Norman L. C. Troxell, deceased, was an heir and legal representative of Norman L. C. Troxell, deceased, and thus entitled to share in the distribution of the real estate fund of the Eliza A. Troxell Estate, now in the hands of the Trustee. Exception sustained.

EXCEPTION 3. The Auditor erred in distributing the sum of Eight hundred sixty-three dollars and thirteen cents ($863.13) to Clara K. Troxell, as an heir of Norman L. C. Troxell. Exception sustained.

It is ordered, adjudged and decreed that the entire income from the real estate held in trust under the will of Eliza A. Troxell, deceased, since the date of the death of Norman L. C. Troxell, be and is hereby distributed to Ursula V. O'Neal the only heir of the Testatrix, Eliza A. Troxell, deceased.

*Error assigned,* was the decree of the Court.

*Orrin E. Boyle,* for appellant, cited: Webb's Estate, 250 Pa. 179; Nichols' Appeal, 128 Pa. 428; Dodge's Appeal, 106 Pa. 216; Clark v. Scott, 67 Pa. 446; Eby's Appeal, 84 Pa. 241; Gibbons v. Fairlamb, 26 Pa. 217; Boyd's Estate (No. 1) 199 Pa. 487; Porter's Appeal 9 Wright 201.

*Julius Groman,* of *Groman & Rapoport,* for appellee, cited: Lesiew's Est., 205 Pa. 119; Bair's Est., 225 Penna. 173; Porter's Appeal, 45 Penna. 207; Lawyer's

Reports Annotated, 1918 A, 1109 N.; Raleigh's Estate 11 Penna. Dist. Rep. 165.

OPINION BY LINN, J., April 22, 1927:

The question is whom did testatrix intend to designate by the words "such deceased one's heirs and legal representatives." She died in 1899. By her will, made and proved that year, she devised all her real estate in trust for the lives of her son Norman and her granddaughter Ursula, and the life of the survivor, the income to be paid to them in equal shares "and upon the decease of either my said son or my granddaughter, then such deceased one's share of the said rents and income shall be devoted and applied to such deceased one's heirs and legal representatives ...... during the life of the survivor of said Norman and Ursula." Her son and granddaughter were her nearest of kin; when her will was made her son was married and had one child. She also directed that on the decease of both Norman and Ursula the real estate should be sold and the proceeds distributed, "the one half thereof to the children and lineal descendants of my son Norman—the children of any deceased child together to take the share the parent would have taken if living." The balance of her estate she ordered converted into money and divided into two equal parts, giving one half of one of these parts to her son " and to his heirs and legal representatives" and directing that the other half of such part be held in trust, the income to go to her son for life, the principal upon his decease to go "to the children and lineal descendents of said [son] ......" The other part was similarly disposed of for the granddaughter's benefit, with the addition that if she died without children or lineal descendants surviving, "the balance of said trust fund then remaining" should pass to the heirs of testatrix as if she had "then died intestate."

Norman, the son, died in 1922 leaving a widow but no lineal descendents. In 1924, a trustee's account was filed. The whole of the income from the real estate was claimed by Ursula; Norman's widow claimed one half on the ground that she came within the designation "heirs and legal representatives" of Norman. An auditor appointed to pass on the point concluded that Norman's widow was entitled to one half the income during Ursula's life. The Orphans' Court sustained exceptions to the auditor's report and awarded the entire income to Ursula. Norman's widow has appealed.

Both sides agree that, considered by itself, the expression his "heirs and legal representatives" does not include Norman's widow as a devisee: Lesiew's Estate, 205 Pa. 119, 122. And appellant agrees that interpretation must prevail "unless," in the words of her brief, "the contrary intent is so plainly apparent that it cannot be misunderstood": Dodge's Appeal, 106 Pa. 216, 220. This contrary intent, she contends, is shown by the use of the expression "to the children and lineal descendants" of the son and granddaughter respectively, in disposing of the proceeds realized by the conversion of the real estate on the death of the survivor, and by similar expression used later in the will to dispose of the principal of the trust of the personal property. The use of these expressions to designate lineal descendants as legatees, appellant argues, indicates that by the earlier expression "heirs and legal representatives" in the trust of real estate, testatrix did not intend to refer to lineals, or heirs in the legal sense as one upon whom the law casts an estate in the event of intestacy, but in some popular sense, and that she intended by that expression to benefit Norman's wife if she survived him and their child, as in fact she did.

As nullifying those inferences, appellee relies on the

difference in the expressions as conclusively indicating that the son's widow should not take in any circumstances; that as the trust was of real estate, the words "heirs and legal representatives" (synonymous in a devise or realty: Lesiew's Estate, supra) describe a class of devisees to which the son's widow could not belong, whereas the phrase lineal descendants was also aptly used in disposing of personalty at the termination of that trust when testatrix wished to designate a class of legatees excluding appellant. These technical expressions employed in the will by the scrivener, who was obviously not a layman, are given their full significance in the conclusion reached by the learned court below. To agree with appellant would require us to destroy that significance and to say that the limitations were not intended to be understood in their legal sense; we cannot see that such "contrary intent is so plainly apparent that it cannot be misunderstood."

There is no merit in appellant's argument that the enlargement of the capacity of a surviving spouse to take real or personal estate, or both, left by a deceased spouse, pursuant to the Intestate Act of June 7, 1917, P. L. 429, sec. 2, confers upon the appellant a right which she did not possess on the death of the testatrix in 1899 to take any part of the estate now before us, as heir of her deceased husband: 9 R. C. L. p. 16; 18 C. J. sec. 6, p. 808; Woods' Appeal, 18 Pa. 478, That statute does not change the inquiry, which is, what was the intention of testatrix as stated in her will, speaking as of 1899, the time of her death. By the law then in force, appellant could not become heir to her husband's real estate. Testatrix intended to designate only such takers as could then by existing law become the husband's heir, though of course the particular person or persons who would take could not be known until the death of the husband; all that would be certain was that the taker must be one who

might have been his heir under the law as it then stood and not be one who could not then have been his heir; see Heath's Estate, 286 Pa. 335, and cases there considered; also Wilson's Estate, 65 Cal. App. 680, 225 Pac. 283. In Page on Wills, 2d. Ed., Vol. 1, p. 1489, it is said: "Whether a gift to 'heirs' means those who would take under statutes in force when testator makes his will, when he dies, or when the gift vests, is a question on which there is conflict of authority. It has been held that a lesser degree of contingency is always to be preferred; and that statutes in force when the will is made are intended." Certainly, after the death of testatrix and the probate of her will, the object of her bounty ought not be subject (in the words of the California decision cited) to the "biennially recurring contingency of a change in the statute."

Decree affirmed, costs to be paid by the estate.

————

DISSENTING OPINION BY KELLER, J.:

Until the Act of June 29, 1923, P. L. 914, went into effect, (See Bonsall's Est., 288 Pa. 39), if real estate was devised to A. for life, with remainder to the *testator's* heirs, the heirs were determined by the intestate laws in force at the testator's death: Woods' Appeal, 18 Pa. 478. But if the devise was in trust for A. for life with remainder to the *life tenant's* heirs, they were necessarily determined by the law in force at the *life tenant's* death. The Act of 1923 made no change in this respect. No one could tell who the heirs of Norman Troxell might be until his death in 1922 and they were fixed by the law in force then, not by the intestate laws of 1899 when his mother died. The testatrix and the person who wrote her will are presumed to have known this.

By the Intestate Act of June 7, 1917, P. L. 429, the status of a surviving spouse was materially changed.

The widow's interest is no longer a dower or life estate, but the law now casts upon her an estate in fee simple in her deceased husband's lands and thus constitutes her one of his heirs.  Norman Troxell's widow was, therefore, in my opinion, entitled to participate as an heir of her husband in the income distributable at *his* death to *his* heirs.

I can find in the will no purpose on the part of the testatrix to exclude her son's wife from participating in the income from the trust estate, if the law made her an heir; or any intention that it was to be distributed to her son's heirs according to the law as it existed when the will was written rather than at the time of his death.  No one can be heir of the living.  The corpus of the trust estate was not distributable until both of the life tenants were dead.  The share of *income* of either life tenant dying before that time was to go to his or her heirs and legal representatives as they might be at the time of such life tenant's death.  In my opinion this was the testatrix's only purpose and intent.  I am confirmed in this view by the difference in the language used by the testatrix in disposing of the income at the death of one life tenant and of the corpus or estate in remainder at the death of both life tenants.  In the former case the share of the income of the one so dying is given to his or her "heirs and legal representatives" until the termination of the trust; but on the death of both life tenants the estate in remainder goes to their "lineal descendants," showing a nice discrimination in the use of these terms.

In Wilson's Est., 225 Pac. 283, the California case cited in the majority opinion, the devise in remainder was to the *testator's* heirs.  I have found no case where the heirs of a *life tenant* were attempted to be fixed by any other law than that in force at the *life tenant's* death.

I would reverse the decree and award the share of the income, which would have been paid to Norman Troxell, to his heirs according to the intestate law in force at his death, thus giving the appellant widow one-half.