## Ingham's Estate

The facts appear from the adjudication of

NILES, P. J., nineteenth judicial district, specially presiding.—The trust in this estate arose under the will of John Howard Ingham, who died February 16, 1866, by the fifth item of which he provided as follows:

"Fifth. . . . I give and bequeath the remaining one third of the said residue of my personal estate to my trustee hereinafter named in trust to invest the same in good and safe securities according to the best of his judgment, to collect the income therefrom and after deducting taxes and all other lawful charges, to appropriate so much of said net income as he may deem necessary and proper for the education and maintenance of my daughter Anne Veree Ingham during her minority, and to invest the balance thereof from time to time in like good securities so that it may accumulate until such time as my said daughter shall arrive at the age of twenty-one years, and then to pay over to my said daughter one fourth part of the sum to which the original principal with the accumulated income shall then amount, and to invest and keep invested the remainder of said sum in good and safe securities according to the best of his judgment, to collect the income therefrom and after deducting taxes and all other lawful charges to pay over the net income, semi-annually if convenient to my said daughter during her life for her sole and separate use and at her death to pay over the whole of the principal to her lawful issue if any, but should she die without leaving lawful issue then to pay over the said principal to my next of kin according to the laws of the State of Pennsylvania; if however, before attaining the age of twenty-one years my said daughter should die, then to pay over the whole of the said principal to her lawful issue if any, and in default of lawful issue her surviving, to pay over the same to my next of kin aforesaid."

The account is filed because of the death of Anne Veree Ingham, the life tenant, on December 4, 1931. She died without issue.

The estate is claimed by the executrix of Anne Veree Ingham, the deceased daughter of the testator, who, with James Veree Ingham, a son, were the next of kin at the date of the testator's death.

It is also claimed by George Hale Emerson and Dora Ingham Hale Griscom, nephew and niece, who contend that the next of kin are to be determined as of the death of the life tenant.

Notwithstanding the plausible argument of the learned counsel for the collateral heirs of John Howard Ingham, the testator, we are unconvinced that the rule of construction, unchanged as to this estate by the Act of June 29, 1923, P. L. 914, does not here apply.

The substance of that rule is, if from the whole will it appears that the future gift is only postponed to let in some other interest, the interest in the reversion is vested notwithstanding the enjoyment is postponed.

The argument against the application of this general rule is based upon the use by the testator of the words "to pay," instead of "I devise to my next of kin."

There being nothing else in the will from which we may infer testator's intention to vary the rule, which it required an act of assembly to change, we will apply it as we understand it.

The subject in all essentials has been carefully examined by Judge Gest in Carson's Estate, Orphans' Court, Philadelphia County, January Term, 1920, No. 834, and his conclusions approved by the court November 9, 1931, in the opinion of Van Dusen, J., reported in 16 D. & C. 99.

In this case, as in that, "we see no implication that the beneficiary must survive to receive the gift in person, whether the disposing verb be 'pay,' 'divide,' 'transfer,' 'give,' 'bequeath,' 'distribute' or any other like word, unless there be something else in the will by which the word is to be so interpreted."

In accordance with this view, the balance will be awarded to the estate of Anne Veree Ingham.

The testator was survived by his widow, Elizabeth A. V. Ingham, and his children, James Veree Ingham and Anne Veree Ingham.

Elizabeth A. V. Ingham died November 25, 1893, leaving a will whereby she gave her residuary estate to Anne Veree Ingham. If the widow was "next of kin" within the meaning of the will, her share is vested in Anne Veree Ingham.

James Veree Ingham died December 29, 1924, leaving a will whereby he gave his residuary estate to Anne Veree Ingham, whom he appointed executrix. His share also is vested in Anne Veree Ingham, and will be awarded directly to her.

Gest, J., October 21, 1932.—The Act of June 29, 1923, P. L. 914, being by its express terms inapplicable to the present case, the auditing judge followed the well-established rule that the next of kin of the testator, entitled on the death of the life tenant without issue, should be ascertained as of the date of the death of the testator and not as of the date of the death of the life tenant. This rule has been followed in a myriad of cases, and is always followed unless a different intention is manifest in the will. The auditing judge discovered no such manifest intention in this will, nor does this court.

The exceptant relies largely upon Hildebrant's Estate, 268 Pa. 132, but that is distinguishable from the present case. After the death of the life tenant, the executors were directed to pay the remainder to such child or children as the life tenant might leave to survive him, which was clearly a contingent gift, and the Supreme Court held that the direction to divide the estate among "my rela-

tives," in the event that the life tenant should die without issue, followed the same thought, and was likewise contingent. The real question in Hildebrant's Estate was what was meant by the word "relatives," which the Supreme Court distinguished from next of kin. Moreover, the Supreme Court in Groninger's Estate, 268 Pa. 184, decided on the same day as was Hildebrant's Estate, adhered to the general rule in a case quite similar to the present, as it did also in the later case of Murphey's Estate, 276 Pa. 498. As we have recently considered the general question with some elaboration in Carson's Estate, 16 D. & C. 99, it does not seem necessary to extend this opinion.

The exceptions are dismissed and the adjudication is confirmed absolutely.