Barnard Estate.

Argued January 3, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward H. P. Fronefield,* with him *Richard Henry Klein* and *Lutz, Reeser & Fronefield,* for appellant.

Robert W. Beatty, with him George T. Butler, Butler & Beatty and Howard F. Troutman, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 19, 1945:

This appeal involves the construction of a will. The question is whether the language expresses a clear intent to exclude the widow as a statutory heir.

Testator, who died in 1905, possessed solely of personal property, was survived by his widow, his father and mother, two brothers and a sister, but no issue. He erected a trust for his residuary estate. The trustees were directed to pay the income to his widow for life, and at her decease, the trust was to terminate and be distributed as follows: "Any portion of my estate up to and not exceeding the one-half of the principal in trust as aforesaid, to any person or persons, natural or artificial, to whom my said beloved wife may have given or devised by her last will and testament duly probated. All the remaining half of my said estate, and all or any portion of the other half not so disposed of by will by my said beloved wife, to be divided among the heirs of myself, according to the intestate laws of the Commonwealth of Pennsylvania. My purpose being that my wife, although having but a life interest in the whole of the said trust, shall have the right by will after her death to give and devise at most one-half of said trust estate to any one that she may desire so to do."

The widow survived and took under the will. She died in 1943 and appointed, by her will, a full one-half of the trust estate. The executor of the widow claims, as part of the widow's estate, a one-half share of the remaining half portion of the trust under the Intestate Act of June 7, 1917, infra, on the theory that the widow was an "heir" of testator and had not been excluded, as such, by the will.

At common law and under the Pennsylvania Intestate Acts prior to the present Intestate Act of June 7,

1917, P. L. 429, 20 PS section 1, neither husband nor wife was an "heir" to the other as to *real property: Dodge's Appeal,* 106 Pa. 216; *Lesieur's Estate,* 205 Pa. 119, 54 A. 579; *Troxell's Estate,* 90 Pa. Superior Ct. 533. But as respects *personal property* the surviving spouse was always regarded as an "heir": *McCrea's Estate,* 180 Pa. 81, 36 A. 412; *Milliken's Estate,* 206 Pa. 149, 55 A. 853. By the Intestate Act of 1917, supra, as amended, a surviving spouse takes *an estate of inheritance* in both real and personal property. Consequently, a surviving spouse is a *statutory heir* of the estate of the other: see *Troxell's Estate,* supra; *Arnold's Estate,* 23 D. & C. 484, 486. But both prior to, and after the Intestate Act of 1917, supra, the word "heir" was not given its technical legal effect if there was a contrary intent indicated by the will: *Eby's Appeal,* 84 Pa. 241; *Gilmor's Estate,* 154 Pa. 523, 26 A. 614; *Wunder's Estate,* 270 Pa. 281, 113 A. 378; *Simpson's Estate,* 304 Pa. 396, 402, 156 A. 91; *Troxell's Estate,* supra.

The late Judge McDonough, the learned auditing judge, ruled that the language of the will clearly indicated that testator had not employed the word "heir" in its strict technical legal sense. With this ruling we agree. Technical words, of definite meaning, ordinarily must be given their legal or definite effect: *Carroll v. Burns,* 108 Pa. 386; *McGraw's Estate,* 337 Pa. 93, 10 A. 2d 377; *Lenhart's Estate,* 344 Pa. 358, 25 A. 2d 725; *Bowen's Estate,* 139 Pa. Superior Ct. 523, 12 A. 2d 507. When, however, the language of this will is considered as a whole, it is apparent that testator did not use the word "heirs" in its technical sense.

As the testator died in 1905, prior to the effective date of the Act of June 29, 1923, P. L. 914, 21 PS section 11, the heirs referred to are those who were such at the time of his death, unless a different intent is plainly manifested by the will. If a tenant for life were such heir he would not, on that account alone, be excluded: *Buzby's Appeal,* 61 Pa. 111; *Stewart's Estate,* 147 Pa. 383,

23 A. 599; *McCrea's Estate,* supra; *Fitzpatrick's Estate,* 233 Pa. 33, 81 A. 815; *McFillin's Estate,* 235 Pa. 175, 83 A. 620; *Bache's Estate,* 246 Pa. 276, 92 A. 304; *Tatham's Estate,* 250 Pa. 269, 95 A. 520; *Murphey's Estate,* 276 Pa. 498, 120 A. 455; *Stoler's Estate,* 293 Pa. 433, 143 A. 121; *Whiteside's Estate,* 302 Pa. 452, 153 A. 728; *Bechtel's Estate,* 303 Pa. 107, 154 A. 366; *Smith's Estate,* 314 Pa. 437, 171 A. 587; *Barge's Estate,* 126 Pa. Superior Ct. 332, 191 A. 184.

The words of this will clearly indicate that the true intent of testator was to determine the heirs as of the time of *distribution.* This is not a case of the gift of a life estate with remainder to heirs, of which the life tenant was one. This testator worked out a scheme of distribution whereby his wife took a life estate in the whole trust. *At her death* one-half (or so much thereof as was appointed) passed according to her will. The rest went to testator's heirs. The heirs, under these circumstances, are to be determined as of the date of the death of the life tenant, whose estate is thereby excluded. See: *Peirce v. Hubbard,* 152 Pa. 18, 25 A. 231; *Everitt's Estate (No. 1),* 195 Pa. 450, 46 A. 1; *Wood v. Schoen,* 216 Pa. 425, 66 A. 79; *Hildebrant's Estate,* 268 Pa. 132, 110 A. 760; *Dailey's Estate,* 268 Pa. 379, 111 A. 922; *Leech's Estate,* 274 Pa. 369, 118 A. 354; *Miller's Estate,* 275 Pa. 30, 118 A. 549; *McKee's Estate,* 82 Pa. Superior Ct. 407.

Any possible doubt is dispelled when it is considered that testator interpreted his own will. He wrote: "My purpose being that my wife, *although having but a life interest in the whole of the said trust . . .*" (italics supplied). If we were to adopt appellant's construction, testator's widow would possess an intestate share in remainder *in addition* to her life estate, which would be in contradiction of testator's express words.

We note that the definitive decree of distribution makes an award to the father and mother of testator, as heirs and next of kin, *"or to the legal representatives of*

*said legatees if either of them be deceased.*" While the assignments of error raise no question as to the propriety of such award, it is suggested that under the Intestate Act of 1917, supra, Section 8, if the parents are entitled, they take as tenants by entirety: *Mechling's Appeal,* 2 Grant 157; *Frankenfield v. Gruver,* 7 Pa. 448; see also Judge HUNTER'S Pennsylvania Orphans' Court Common Place Book, Vol. 1, page 671.

The decree is affirmed at appellant's cost.