**Lynch Estate**

*Burton H. Snyder,* for estate of Savilla E. Byer.
*James W. Reynolds,* for accountant.

SWOPE, *P.J.,* July 30, 1980—We have before us
preliminary objections raised on behalf of the es-
tate of Savilla E. Byer, deceased, against the ob-
jections filed by the estate of Mark E. Byer, de-
ceased, to the sixth and final account of National
Central Bank, executor and trustee under the will
of James J. Lynch, deceased. The filing of said ac-
count was occasioned by the death on January 12,
1978 of Savilla E. Byer, the last surviving child of
testator, James J. Lynch, who died on February 17,
1917.

Under the terms of his will, testator established a
residuary trust and directed that the income de-
rived therefrom be distributed to his four children
or their issue. Upon the death of the last surviving
child of testator, the corpus of the trust was to be
divided "among my [testator's] grandchildren ac-
cordingly as they represent their parent in the dis-
tribution."

Two of testator's children, Mary Madden and
Annie C. Lynch, died without any issue. Testator's
only son, James J. Lynch, died on January 25, 1931,
survived by his widow and two sons, Richard L.
Lynch, who is still surviving, and James H. Lynch,
Jr., who died on October 4, 1967. A third grandchild
of testator, Joseph M. Byer, was born to the mar-
riage of testator's daughter, Savilla E. Byer and
Mark E. Byer. Joseph M. Byer died on November 13,
1943, unmarried and without issue, survived by
both his parents. Joseph's father died testate on
July 7, 1962, leaving all of his estate to a person
other than his surviving wife, Savilla E. Byer.

Trustee National Central Bank presented this

court with a proposed schedule of distribution containing two alternate dispositions, each of which is based on a different assumption as to the time of vesting of the remainder interests of testator's grandchildren. As a result, every interested party has filed objections to trustee's proposed schedule of distribution with particular reference to one or the other of the suggested alternatives.

Preliminary objections in the nature of a demurrer and a petition raising lack of capacity to sue were filed by the estate of Savilla E. Byer, deceased, in response to the objections to the account that were filed by the estate of her husband, Mark E. Byer, deceased.

Since both of these parties have stipulated that neither of them would have any interest in testator's residuary estate under the proposal which assumes that the remainder interests of testator's grandchildren vested at the time of death of testator's last surviving child, we may assume for purposes of disposing of this preliminary matter that said remainder interests vested at the time of their respective births. If it is determined that the estate of Mark E. Byer, deceased, is not entitled to distribution under this assumption, then there would be no legal basis upon which distribution could be made to his estate. In that case, the preliminary objections would properly be sustained and the objections of the estate of Mark E. Byer, deceased, would properly be dismissed.

The question of entitlement to distribution, given the assumption that the remainder interest of Joseph M. Byer vested at his birth, depends upon resolution of the following legal issue: Do the father and mother of an intestate who died unmarried and without issue prior to January 1, 1948, and after the

effective date of the Intestate Act of June 7, 1917, P.L. 429, 20 P.S. §1 et seq., take the real and personal property of the decedent as tenants in common or as tenants by the entireties?

The estate of Mark E. Byer, deceased, argues, inter alia, that the manner of taking in this instance is governed by section 19 of the Intestate Act of 1917 which provides generally that where there is more than one heir standing in the same degree of consanguinity to the intestate, they shall take in equal shares and in the case of real estate shall hold such property as tenants in common. Read in conjunction with section 8 of the Intestate Act of 1917, which establishes parents as potential intestate heirs and provides that the entire real and personal estate of a child who dies unmarried and without issue "shall go to and be vested in the father and mother of such intestate . . .," the estate of Mark E. Byer, deceased, argues that any interest in testator's residuary estate which Mark E. Byer would take as intestate heir, along with his wife, of their son, Joseph M. Byer, would be held as a tenant in common and would, absent inter vivos transfer, remain part of his estate to be passed upon his demise either by will or by operation of law. The estate therefore insists it possesses a sound legal basis, as an intestate heir of Joseph M. Byer, deceased, for the establishment of its claim to a portion of testator's residuary estate.

Conversely, the estate of Savilla E. Byer, deceased, argues that the cases have held that under the Intestate Act of 1917, when the whole title is received by husband and wife, as in the case of parents, they shall hold such property as tenants by the entireties. See Barati's Estate, 89 Pitts.L.J. 84 (1941). The estate contends further that while this manner of taking is not expressly provided for in

section 19 of the Intestate Act of 1917, the official commission comment accompanying its replacement provisions in the Intestate Act of 1947 (which does expressly provide for a taking by the entireties in the case of husband and wife) states that the inclusion of this exception to the general manner of taking in section 4(6) was deemed necessary solely for the sake of clarity.

After careful consideration of the arguments presented in written briefs and oral argument, we have concluded that under the Intestate Act of 1917, the father and mother of an intestate who died unmarried and without issue take the real and personal property of their child as tenants by the entireties.

A number of Pennsylvania lower court decisions have uniformly held that under the Intestate Act of 1917 and its statutory predecessors, when husband and wife take as intestate heirs they hold such property as tenants by the entireties. See Barati's Estate, supra; Keelan's Estate, 35 Del. Co. 440 (1948); Miller's Estate, 15 Lehigh 92 (1932); Nichol v. Hall, 28 Pitts.L.J. 239 (1881); Gillan's Executors v. Dixon, 65 Pa. 395 (1870).

Our research has also revealed appellate authority for this proposition. In Barnard Estate, 351 Pa. 313, 317, 41 A. 2d 578 (1945), the Supreme Court of Pennsylvania stated that "it is suggested that under the Intestate Act of 1917, [June 7, P.L. 429], Section 8, if the parents are entitled, they take as tenants by entirety: Mechling's Appeal, 2 Grant 157; Frankenfield v. Gruver, 7 Pa. 448; see also Judge Hunter's Pennsylvania Orphans' Court Common Place Books, Vol 1, page 671."

In Barnard Estate, testator created a trust giving his wife a life estate therein along with a testamentary power of appointment over one-half of the trust corpus with the remaining half to be distributed

according to the Intestate Act of 1917. When testator's widow died, she fully executed her testamentary power of appointment. In addition, the widow's executor claimed a one-half share in the remaining one-half of testator's residuary estate on the theory that the widow was entitled to take as an intestate heir of her husband.

The court found that while the widow did qualify as an heir under the prevailing intestate law, an examination of her husband's will clearly revealed that she was to be precluded from sharing in the remaining portion of his estate. Consequently, the lower court made an award to the father and mother of testator, as heirs and next of kin, "or to the legal representatives of said legatees if either of them be deceased." While no assignment of error challenged the manner of taking which was implied by the wording of this award, the Supreme Court dispelled any doubt by stating that the parents of an intestate take if at all, as tenants by the entireties and not as tenants in common. Whether this statement be deemed judicial dictum or more, we conceive it as our duty to follow the interpretation laid down by our Supreme Court.

Accordingly, we enter the following

## DECREE NISI

And now, July 30, 1980, the preliminary objections of the estate of Savilla E. Byer, deceased, are sustained and the objections of the estate of Mark E. Byer, deceased, to the sixth and final account and petition for distribution of National Central Bank, trustee under the will of James J. Lynch, deceased, are dismissed.

In the absence of exceptions duly filed within 30

days from the date hereof, this decree nisi shall become final as of course.