## Peirce et al., Trustees, Appellants, *v.* Hubbard.

*Will—Rule in Shelley's Case—Issue—Children.*

A testator directed that certain of his real estate should be sold and the proceeds invested in mortgages, etc., the interest to be regularly paid to his daughter "free from control, liabilities and debts of her husband, and in case of her death without issue or issues of her children, then reversible to my (his) right consanguinary heirs:" *Held,* that the daughter took a life estate only, the word issue being equivalent to children.

Argued Jan. 13, 1892. Appeal, No. 186, July T., 1891, by plaintiffs, George Peirce et al., trustees under will of Caroline McKee, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1890, No. 56, on verdict for defendants, George K. Hubbard et al., lessees of heirs of Joseph Martin du Colombier, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, Mc-COLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment for undivided portion of premises No. 129, Market street, Phila.

At the trial, before ARNOLD, J., it appeared that both parties claimed title under Joseph Martin du Colombier, stated to be a native of San Domingo, who died in Philadelphia in 1846, leaving a will, which contained, inter alia, the following clauses :

"Article III. I bequeath to my daughter, Caroline McKeys (Thomas), in trust for her sole and separate use and benefit during her lifetime, not liable to the debts or engagements of her husband Thomas McKeys, reversible after her death to her children, if any surviving, or issue of such children, and, in case of no children or issue of children, to return to my relations and lawful heirs, the below mentioned property; house that's a house, store and ground, Fourth street, 272, westerly bound by Willow alley, on which stands a small, brick tenement. . . .

"Article IV. By marriage contract drawn by J. Ingersoll, recorded October 28th, 1819, ceremony celebrated at St. Augustine by Rev. Hurly, I settled on Mary Harrison, my present wife, during her lifetime, the interest of $4,000—$240. Now, to better this grant, I hereby annul and revoke that settlement, and devise her instead, $400, payable $100 quarterly, her lifetime, and specifically charge this annuity on the rent of my

house and store, Market street, 129; also, all my house furniture, except what follows :

" My store on Market street, No. 129, is in debt for a loan to the N. L. Bank of $2,300, from the 3d of December 1844, to be paid in five payments every three months ; the annuity p'ble to my wife quarterly, see above.    Taxes, repairs paid ; the surplus of the rent to be divided in three equal portions— one to Prosper Martin, Senior, one to Joseph M. Fourestier, one to Caroline McKey.   I wish this property should not be disposed of during the lease to Tingley & Burton & Co.   See the postscriptum.

" Postscriptum : And when sold, the third of the amount of the sale, that is, the rights of Caroline McKey, I desire it to be invested in mortgages, ground-rents, real estate, the interest to be regularly paid to her, Caroline McKey, free from control, liabilities and debts of her husband ; her receipts in her own hand, notwithstanding her coverture, to be good and valid. And in case of her death without issue or issues of her children, then reversible to my right consanguinary heirs."

At his death, Joseph Martin left heirs as follows : His son, Prosper Martin, Sr., his daughter, Mrs. Caroline McKee, and his grandson, Jos. M. Fourestier, son of a deceased daughter of testator.   Prosper Martin, Sr., died in 1851, leaving two children, Prosper D. Martin and Mrs. Jos. D. Dallett, to whom descended his third of the premises in question.   Jos. M. Fourestier died Oct. 11, 1880, and by his will and a ·deed of Mrs. Caroline McKee, the third of the premises of which he died seized and possessed became vested in Mr. Martin and Mrs. Dallett.   Thomas McKee, the husband of Mrs. Caroline McKee, died in 1857.

Mrs. Caroline McKee died Nov. 9, 1889, leaving her estate to plaintiffs' in trust for various purposes.

The court directed a verdict for defendants and afterwards refused a new trial in an opinion by ARNOLD, J., 48 Leg. Int. 264; 28 W. N. 193.

Verdict and judgment for defendants.   Plaintiffs appealed.

*Error assigned* was direction of verdict for defendants.

*Henry Budd,* for appellant.—The postscript created a limitation.   A person may have a remainder in fee after a life estate in himself: Doe d. Cholmondeley v. Maxey, 12 East, 589; Brown v. Lawrence, 3 Cush. 398.   But Mrs. McKee took an estate tail: Haldeman v. Haldeman, 40 Pa. 29; Lawrence v. Lawrence, 105 Pa. 335; Carroll v. Burns, 108 Pa. 386; Reinoehl v. Shick, 119 Pa. 108; Cochran v. Cochran, 127 Pa. 486.

*Nathan H. Sharpless,* for appellees.—The word issue in this will meant children: Curtis v. Longstreth, 44 Pa. 297; Walker v. Milligan, 45 Pa. 178; Fetrow's Est., 58 Pa. 424; Mannerbach's Est., 133 Pa. 342; Toman v. Dunlap, 18 Pa. 72; Reiff's Ap., 124 Pa. 145.

OPINION BY Mr. JUSTICE McCOLLUM, November 11, 1892:

Refraining from any expression of opinion in harmony with or adverse to the views of the learned judge of the court below, respecting the rule in Shelley's Case, and the alleged perversions of it, we concur in his conclusion that the appellants have no title to the land in dispute.   Their claim to it rests on a construction of the will of Joseph Martin du Colombier, which is not demanded by that rule or by any expressed or implied intention of the testator.   Indeed, their contention, if successful, will defeat his manifest purpose in the disposition of that portion of his estate which is the subject of this controversy.   It is our duty in the interpretation of his will to avoid such a result, unless it is compelled by some inexorable rule of construction. The testator having provided that his debt to the bank and the annuity to his widow, should be paid from the rents of his store on Market street, directed that one third of the surplus of such rents should be paid to his daughter, Caroline McKee, and that on the sale of said store after the expiration of the lease to " Tingley & Burton & Co." one third of the amount of the sale should be invested in mortgages, etc., the interest to be regularly paid to her " free from control, liabilities and debts of her husband; and in case of her death without issue or issues of her children, then reversible to my (his) right consanguinary heirs."   It is claimed by the appellants that, under the provisions of the will we have summarized, Mrs. McKee became possessed of an estate in fee simple in one third of the Market street property, and by the appellees that she took but a life estate therein, and

at her death without children or their issue surviving her the remainder vested in the persons who were then the right heirs of the testator.

It is apparent on the face of the will that the claim of the appellees is in accord with the intentions of the testator respecting the property in question.   It must be conceded however that the word " issue " in a will, prima facie, means " heirs of the body," and that the expression " in case of her death without issue," standing alone, imports a general indefinite failure of issue, and not a failure at the death of the first taker. But in either case the prima facie and technical meaning of these words must yield to a manifestly contrary intent gathered from the whole will.   If it appears that the testator used the word " issue " in the sense of " children," it will be construed as a word of purchase in order to give effect to his intention. In the present case we think the word " issue " was so used. The language of the testator is, " and in case of her death without issue, or issues of *her children*," then over, etc.   The obvious meaning of the paragraph in question is that if his daughter Caroline died without children or their issue living at her death, the remainder should vest in the persons who at that time answered the description of his " right consanguinary heirs."   In the devise over Mrs. McKee took no interest.   It was contingent; it could not be known until her death that anything would pass by it, and on the happening of the contingency of her death without children or their issue surviving her, the persons entitled to take under it were those who were *then* the right heirs of the testator.   It is suggested that the appellants' contention is sustained by McKee v. McKinley, 33 Pa. 92.   That case involved the construction of another clause of the will under consideration, and, it must be admitted, is apparently in conflict with our conclusion.   But to the extent that it is applicable to this case, it was substantially overruled in Guthrie's Ap., 37 Pa. 9, and has not since been recognized as authority.

The specification of error is overruled.

Judgment affirmed.