## Everitt's Estate (No. 1).

*Will—Construction—Next of kin.*

Testator devised his estate to his executor mostly for the benefit of his only child, a son. He then directed as follows: " At the death of my said son, all my estate will go to and immediately become vested in his lawful children, then living, and the issue of any that may be dead, such issue to take their parent's share by representation, and in case he shall die leaving no children or issue as aforesaid, then all my estate shall go to and immediately become vested in my next of kin, then living, share and share alike, including issue born to my brother B. and his second wife." By another clause in the will he directed his executor to transfer to his sister M. a note of M.'s son, and further directed that " this shall be considered as the only share she is to have out of my estate." Testator's son died shortly after testator, intestate and without issue. At the time of testator's death

his sister M. was living, and also numerous nephews and nieces of deceased brothers and sisters, and also grandnephews and grandnieces. *Held*, that the sister M. was excluded from participation in the residue of the estate and that the estate should be distributed to his nephews and nieces living at the death of the son, to the exclusion of grandnephews and grandnieces.

Argued April 12, 1900.     Appeal, No. 108, Jan. T., 1900, by Frank E. Depue et al., from decree of O. C. Luzerne Co., dismissing exceptions to adjudication in estate of Isaac Everitt, deceased.   Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the court below, DARTE, P. J., which was as follows:

Decedent died testate March 9, 1898, leaving neither widow nor descendants, except one son, George B. Everitt, who died December 26, 1898, intestate, without issue.

Decedent was a son of Isaac Everitt, one of the ten children. His sisters and brothers were as follows: Jane Everitt, Hannah Everitt, Mary Ann Everitt, Betsey Everitt, John Everitt, George B. Everitt, Allen Everitt, Catharine Everitt and Mathew Lynn Everitt.

At the death of the decedent and his son, George B. Everitt, all of aforesaid brothers and sisters were dead, except his sister, Mary Ann Everitt, intermarried with LaBaare.   She died March 9, 1899, leaving issue.

They all appear to have left children or grandchildren living at the death of the son of the decedent, December 28, 1898.

Decedent's will was dated November 11, 1897, duly probated, and letters testamentary were issued to accountant, who was sole executor.

The contest here is over the construction of the will.

He devised his entire estate to his said executor, as trustee, for several purposes, mostly for the benefit of his son George B. Everitt.   But as the son died intestate, and without issue soon after the death of the decedent, clause "C" of the will comes into effect, and comes up for construction.   It reads as follows, to wit: "At the death of my said son all my estate shall go to

and immediately become vested in his lawful children, then living, and the issue of any who may be dead, such issue to take their parents' share by representation, and in case he shall die leaving no children or issue as aforesaid, then all my estate shall go to and immediately become vested in my next of kin, then living, share and share alike, including issue born to my brother, George B. Everitt, and his second wife, Rosanna." As we read that clause, it appears that decedent did not intend to die intestate as to any portion of his estate, because he says "At the death of my said son all of my estate shall go and immediately become vested in his lawful children, etc., and in case he shall die leaving no children, etc., then all my estate shall go to and immediately become vested in my next of kin, etc., including the issue of my brother George B., and his second wife Rosanna," who are said not to be his heirs under the intestate laws.

It also appears that he did not suppose that his next of kin would consist of but one person, because he says, "they shall take share and share alike." In Weidman's Appeal, 42 Leg. Int. 338, it was said that, "the question in expounding a will is not what the testator meant, but what is the meaning of his words," or, expressed in another way, his intention is to be found from the legal meaning of the language used.

Testator says: "At the death of my said son all of my estate shall go to and immediately become vested in his lawful children then living and the issue of any who may be dead, such issue to take their parents' share by representation." In case he dies leaving no issue, "then all my estate shall go to and become vested in my next of kin, then living, share and share alike, including," etc.

Decedent's next of kin when the will was drawn, at his death and at the death of his son George B. Everitt, was Mrs. Mary La-Baare, his only living sister; but if we would distribute to her, we are confronted by clause "D" of the will reading as follows: "I hold a note which with interest amounts to about $2,400 against I. E. LaBaare, son of my sister Mary A. LaBaare, which I direct my executor to transfer to my said sister, without recourse to my estate, and this shall be considered as the only share she is to have out of my estate."

Hon. D. L. Rhone who appears for Mrs. Mary A. LaBaare

claims that the words of exclusion in the above clause do not refer to the residuary estate bequeathed to the next of kin in clause " G " and that she is entitled to the whole of the estate as nearest of kin to the testator, basing his claim on this rule of law: " An heir at law or next of kin can only be disinherited by express devise (to some other object or persons or class of persons) or by necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed."

A well settled rule but it does not apply here. We are referred to Bender v. Dietrick, 7 W. & S. 284, in which case decedent gave his wife a life estate and then to each of two daughters $50.00 and no more, dying intestate as to the balance of the estate. It was held that the daughters were not disinherited as to the balance of the estate. Mere negative words are not sufficient to exclude an heir. There must be some disposition of the estate.

In the Estate of Rorer, 7 Phila. 524, and Hitchcock v. Hitchcock, 35 Pa. 393, other heirs than those mentioned took, but the estate was not all disposed of under the will. We do not think the authorities apply here. The entire estate passes under the will, and the gift to Mrs. LaBaare and the restriction makes the legal meaning of the decedent's language as plain as in McGovran's Estate, 190 Pa. 375. As will be seen, the gift to Mrs. LaBaar was without recourse to decedent's estate. He was not even willing to guarantee the payment of the note; such as it was it was to be all she was to have.

We hold that Mrs. LaBaare is absolutely debarred from claiming any further share in the estate; that she is as entirely out of the distribution as though she had died before decedent. Next of kin may be excluded. Kext of kin has been defined by COKE to be next of blood who are not attainted for treason, etc. We hold that although Mrs. LaBaare was living at the death of George B. Everitt, yet that fact did not bring distribution under the intestate laws; that decedent has set up a class among whom his estate is to be distributed. That his next of kin living at the death of his son George B. Everitt, here means all his nephews and nieces then living, " including issue born to my brother George B. and his second wife Rosanna." It must be remembered that the children of this brother were the

same degree by blood as other nephews and nieces, and we hold the will to mean that such issue was to be legitimatized, and after that had been done, such as came within the description of next of kin at the death of George B. Everitt should take with the others.

We hold that including them and the children of Mrs. Mary A. LaBaare, the estate should be distributed per capita, share and share alike, among all the nephews and nieces of decedent living at the death of George B. Everitt.

On exceptions the court filed the following opinion:

Believing as we do that Mrs. LaBaare was eliminated from the distribution by the testator, we then must construe clause "G" in the will, where after speaking of the death of his son George B. leaving issue, he says: "And in case he shall die leaving no children or issue as aforesaid, then all my estate shall go to and immediately become vested in my next of kin, then living, share and share alike, including issue born to my brother George B. and his second wife Rosanna." Who did the testator describe by the phrase, "my next of kin, then living, share and share alike?" The words "next of kin" used simpliciter, mean "nearer of kin:' Elmsley v. Young, 2 Milne & Keene, 780; Wright et al. v. Trustees M. E. Church of New York, 1 Hoffman's Chancery Reports, 202; Locke v. Locke, 45 N. J. Equity, 97; Swasey v. Jaques, 144 Mass. 135. But his words do not mean nearest of kin without restriction in this will, because he cuts out his sister, as he has a right to do. Lord COKE defined the "next of kin" to be the next of blood who are not attainted of treason, felony, or have any other lawful disability." Testator in so many words rendered his sister unable to take, and leaving her out, the estate falls to those who were able at the death of the son without issue. The next of blood might be one or more, but must be of equal degree. In Wimbles v. Pitcher, 12 Vesey, Jr. 433, it was held, that under the devise to "the next of kin, of equal degree share and share alike," brothers take, excluding nephews and nieces. And the testator still further modifies his meaning. He says, "including issue born to my brother George B. and his second wife Rosanna." "The word 'issue' in a will means prima facie the same thing as 'heirs of the body' and is generally a word of limitation, but this construction will give way, if there be on

the face of the instrument sufficient to show that the word was intended to have a less extended meaning and to be applied only to children, or to descendants of a particular class, or at a particular time : " Taylor v. Taylor, 63 Pa. 481.

Let us see what that law leads us to. It is evident that when the will was drawn decedent could not have known what relation his next of kin living at the death of his son would be to him the testator, or to each other. His son was a young unmarried man and would probably live many years. There was a question as to the legitimacy of the children of his brother George B. and his second wife Rosanna. He certainly wished to make the issue of this brother the objects of his bounty, and on equal footing with his other brothers and sisters. If he did not, why did he refer to them? In order to bring them in he must use the word "issue." If he said children, grandchildren or descendants, such might not be his next of kin when the estate vested. He says "including." Including in what? Why surely including the next of kin, those of the issue of his said brother who answered that description at the death of his son. We believe that is what he meant, and that it is the legal meaning of what he said. The exceptions are dismissed.

*Error assigned* was decree dismissing exceptions.

*Samuel B. Price*, for appellants.—Upon a legacy to issue, all descendants are entitled and take per capita: Davenport v. Hanbury, 3 Vesey, 257; Leigh v. Norbury, 13 Vesey, 340; Maddock v. Legg, 25 Beav. 531; Weldon v. Hoyland, 6 L. T. (N. S.) 96.

If the word "issue" is construed to mean children and grandchildren or descendants generally, then by the use of that term the testator intended to transmit his estate to the lineal descendants of his deceased brothers and sisters or to his nephews and nieces, living, and to the issue of those who were dead. The issue of the several brothers and sisters taking by representation what they would have taken had they been living.

If the language of the will is construed as it reads, that the issue of George B. and Rosanna are to be included as legatees, the natural inference is, that he intended to devise his property to the issue of his deceased brothers and sisters living at the

death of George B. except Mrs. LaBaare, share and share alike, that is, to the issue of each brother and sister one share.

The grandnephews and nieces of the testator are heirs under the Act of April 27, 1855, P. L 368, sec. 2 : Bender v. Dietrick, 7 W. & S. 284.

If the language of a will is uncertain as to the objects of a testator's bounty, he is presumed to have intended those to whom the estate would descend in case of intestacy: Lipman's App., 30 Pa. 180; Fissel's App., 27 Pa. 55; Dunlap's App., 116 Pa. 500; Faulstich's Est., 154 Pa. 188; Minter's App., 40 Pa. 115; Finney's App., 113 Pa. 11; Baskin's App., 3 Pa. 304; Heistand v. Meyer, 150 Pa. 501; France's Est., 75 Pa. 220; Clements's Est., 160 Pa. 398.

*D. L. Rhone*, with him *J. Q. Creveling*, for certain of the appellees.—The term "next of kin" as used in this will means nearest kindred, and but for the clause of exclusion the sister would take to the exclusion of children of deceased brothers and sisters: 2 Williams on Executors (Perkin's ed.), 1209; Lucas v. Brandreth, 28 Beavan, 274; Locke v. Locke, 45 N. J. Eq. 97; Harrison v. Ward, 5 Jones Eq. (N. C.) 240.

Mere words of exclusion even in the most positive terms will not disinherit an heir because the heir must take what is not given by will to some other object or person or class of persons : Hancock's App., 112 Pa. 532.

An immediate gift to a class will not fail by reason of the express exclusion of some members of the class, as such exclusion only augments the shares of the remaining members : McGovran's Est., 190 Pa. 375.

But here we have a gift to a class of which there happens to be a sole member who has not been expressly excluded from the class. Neither has such member been excluded by necessary implication because the exclusion of the sole member of the class must necessarily render the designated class extinct, and it is absurd to infer that the testator could have so intended, especially as there is no provision for the substitution of some other class for the one designated.

Next of kin, as a sole sister, cannot be passed by and nephews and nieces be substituted except only to prevent an intestacy. There must be special and satisfactory grounds to justify a de-

parture from the primary import of the class described: Hallowell v. Phipps, 2 Wharton, 376 ; Moor v. Raisbeck, 12 Sim. 123.

*Willard, Warren & Knapp*, for certain other appellees.—A gift to issue as a phrase of law embraces prima facie descendants of every degree from the common ancestor, including children and those more remote. . . . But where the parent of such issue is associated in the context, the language imports rather that children alone were intended and this narrower, but more popular meaning may arise from other terms of expression defining the character of the gift, though the whole tenor of the will must determine this decision: Arnold v. Alden, 173 Ill. 229 ; Morgan v. Thomas, L. R. 9 Q. B. Div. 643.

Nephews and nieces are nearer in blood than grandnephews and grandnieces. Nephews, who are in the third degree, will take the whole estate to the exclusion of the children of a deceased nephew, who are in the fourth degree : 3 Redfield on Wills, 423 ; 2 Redfield on Wills, 75 ; Haraden v. Larrabee, 113 Mass. 430 ; Swasey v. Jaques, 144 Mass. 135 ; Fargo v. Miller, 150 Mass. 225.

Mrs. LaBaare was excluded : McGovran's Est., 190 Pa. 375 ; White v. Springett, L. R. 4 Ch. App. Cases, 300.

*W. A. Wilcox*, of *Patterson & Wilcox*, for certain other appellees.—There is an evident intent to shut out Mrs. LaBaare, and all her heirs, from participation in the general distribution of the estate, and effect should be given to it.

*J. B. Woodward*, of *Wheaton, Darling & Woodward*, for certain other appellees, cited O'Rourke v. Sherwin, 156 Pa. 285 ; Mannerback's Estate, 133 Pa. 342 ; Little v. Wilcox, 119 Pa. 439.

PER CURIAM, April 23, 1900 :

We are clearly of opinion that Mary A. LaBaare, the sister of the deceased, was excluded by clause " D " of the will from all participation in the residue of the estate, and that clause " G " did not restore her to the class called "next of kin," so as to enable her to take under that description. We are equally clear that the testator only intended his next of kin who

should be living at the death of his son George to be the residuary legatees of his estate, and that intent excludes all of the children of nephews and nieces who were dead before the death of the testator's son George. The reasons for these conclusions are sufficiently expressed in the opinion of the learned court below on which the decree is affirmed.

Decree affirmed and appeal dismissed at the cost of the appellant.