# McFillin's Estate.

*Wills—Construction—Remaindermen.*

1. Where a testator directs that in a certain event after the expiration of a particular interest, the estate shall go to his heirs and next of kin, or to the persons who would take under the intestate laws, he is to be understood as meaning the persons who would have taken at the time of his death, and not at the time appointed for their taking, unless a different intent is plainly manifested in his will.

2. Where a testator leaves one-fourth of his residuary estate in a spendthrift trust for his son for life, and upon the son's death without issue, to pay and distribute the principal to such persons as should be entitled as the testator's next of kin, the testator intends his next of kin as of the date of his death and not his next of kin as of the date of the death of the life tenant.

Argued Jan. 18, 1912. Appeal, No. 303, Jan. T., 1911, by Deborah C. Lucas, from decree of O. C. Phila. Co., April T., 1906, No. 470, dismissing exceptions to adjudication in Estate of James McFillin, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that James McFillin died on April 10, 1905, leaving two children, Deborah C. Lucas and James W. McFillin. The latter died on April 23, 1911, intestate, unmarried, and without issue.

The material paragraph of the will was as follows:

"And the other full equal fourth part or share thereof I give, devise and bequeath unto my Executors hereinafter named in Trust to hold, invest and from time to time re-invest the same, collect the income and profits thereof and pay the said income and profits to my son James W. McFillin during his life but free and discharged of his debts, liabilities and engagements and free from the right of anticipation:— And upon the

decease of my said son upon the further trust to divide, distribute and pay the said part or share to and among the children of my said son equally share and share alike the issue of any of his deceased children who may be living at the time of his decease shall take the same share as their parent would have taken if then living:— And upon the further trust in the event of my said son dying without leaving any children or the issue of any deceased child living at his decease to divide, distribute and pay the said part or share to such person or persons who shall be entitled thereto as my next of kin under the intestate laws of the State of Pennsylvania."

The account of Bernard F. McFillin and James F. Lucas, trustees under the will of James McFillin, having been filed and called for audit, the Auditing Judge awarded one-half of the one-quarter of the estate held in trust for James W. McFillin to Deborah C. Lucas individually and the remaining half to Deborah C. Lucas, administratrix of James W. McFillin, deceased, holding that the persons who were to take the principal of the fund held in trust for James W. McFillin were the next of kin of James McFillin at the time of his death and not his next of kin at the time of the death of James W. McFillin, which was fixed as the time of distribution. Exceptions were filed on behalf of Deborah C. Lucas, who claimed the whole fund as testator's next of kin at the time of distribution.

The court below on October 28, 1911, filed an opinion dismissing the exceptions and confirming the adjudication.

*Error assigned* was decree dismissing exceptions to adjudication.

*Bernard Gilpin*, for appellant.

No printed brief for appellee.

PER CURIAM, February 19, 1912:

The thoroughly settled rule of construction is that where a testator directs that in a certain event after the expiration of a particular interest the estate shall go to his heirs or next of kin, or to the persons who would take under the intestate laws, he is to be understood as meaning the persons who would have so taken at the time of his death, and not at the time appointed for their taking, unless a different intent is plainly manifested in his will: Buzby's Appeal, 61 Pa. 111; Stewart's Estate, 147 Pa. 383; Fitzpatrick's Estate, 233 Pa. 33. Nothing in the will before us shows a clear intent of the testator that his next of kin were not those who were such at the time of his death, and the decree is, therefore, affirmed with costs.