# Dailey's Estate.

*Will—Construction—Remainder—Vesting—Postponement—Intestate laws—Gift to son.*

1. Where a testatrix makes provision for a son for life, and further directs that after the son's death one-half of her estate "then remaining be given to [her] sister and the balance to be divided under the intestate laws," the son takes no vested interest in his mother's estate, and his widow takes nothing under the will.

2. In such case the word "then" is used as an adverb of time, and indicates an intent of the testatrix to give the "balance" of her estate to those who would be her heirs at her son's death, and not to those who were her heirs at the time of her own death.

Argued September 28, 1920. Appeal, No. 164, Oct. T., 1920, by Alma B. Dailey, widow of Frank K. Dailey, from decree of O. C. Cambria Co., sustaining exceptions to widow's appraisement in interest of Frank Kennedy Dailey, deceased, in estate of Jennie Kennedy Dailey, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to widow's appraisement.

The opinion of the Supreme Court states the facts.

The court sustained the exceptions. Alma B. Dailey, widow of Frank Kennedy Dailey, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Philip N. Shettig,* for appellant, cited: Wood v. Shoen, 216 Pa. 425.

*Charles C. Greer,* with him *Dan L. Parsons,* for appellee, cited: Mulliken v. Earnshaw, 209 Pa. 226; Frisbie's Est., 266 Pa. 574; Raleigh's Est., 206 Pa. 451.

PER CURIAM, December 31, 1920:

This appellant, Alma B. Dailey, is the widow of Frank K. Dailey, who was the son of Jennie K. Dailey, and her claim is that her husband took a vested interest in his mother's estate. The testatrix, after making provision for an income for her son for life, directed as follows: "After the death of my son, Frank Kennedy Dailey, I will and direct that the one half of my estate then remaining be given to my sister Josephine Kennedy, and the balance to be divided under the intestate laws of Pennsylvania." Alma B. Dailey, not being of the blood of the testatrix, takes nothing from her under her will, and the decree of the court so holding is affirmed, at her costs, upon the following from its opinion dismissing her petition for an appraisement: "It is very clear

that the word 'then' in this will is used as an adverb of time, and we are of the opinion that it was the intention of the testatrix, as disclosed by her will, to devise the remainder of her estate to those who would be her heirs at the expiration of the......particular estate given to her son Frank Kennedy Dailey during the term of his natural life, and not to those who were her heirs at the time of her death."

Decree affirmed.