# Miller's Estate.

*Wills—Construction—Remainders—Intestate laws—Collaterals.*

1. Where a testator gives his estate to his wife for life and after her death to his daughter for life, and after the daughter's death to "all the lawful heirs of [himself] and [his] wife, to be divided among them as provided and required by the intestate laws of Pennsylvania," and it appears that his wife and daughter are his nearest heirs under the intestate laws, and the wife survives testator and dies, and the daughter surviving her mother dies unmarried and without issue, the estate will be distributed to the collateral heirs of testator and his wife, where the whole scope of

the will shows that testator anticipated that his wife would survive him, that his daughter would survive her mother, and that the heirs specified were to take after the death of the daughter.

2. In such case the executrix of the daughter has no standing to claim the estate on the theory that the remainder vested in the daughter as the heir of testator at the time of his death, or that the gift to collaterals was only to take place if testator survived his wife and daughter.

Argued May 12, 1922. Appeal, No. 402, Jan. T., 1922, by Lillian S. Miller, Executrix of Theodosia Miller, deceased, from decree of O. C. Lancaster Co., April T., 1902, No. 75, dismissing exceptions to adjudication, in estate of Samuel Miller, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Lillian S. Miller, executrix of Theodosia Miller, deceased, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Chas. W. Eaby* and *John A. Nauman,* for appellant.— In the absence of anything to the contrary, Samuel Miller's heirs, under the intestate laws, would be determined by the date of his death: Stewart's Est., 147 Pa. 383; McFillin's Est., 235 Pa. 175; Fitzpatrick's Est., 233 Pa. 33; Buzby's App., 61 Pa. 111; McCrea's Est., 180 Pa. 81.

*T. Z. Minehart,* with him *O. S. Schaeffer, Frank S. Groff, B. C. Atlee, B. F. Davis, W. S. Mellinger, Hugh R. Fulton, M. E. Musser* and *John M. Groff,* for appellee.— The collateral heirs are entitled to the estate: Shaffer's Est., 262 Pa. 15; Tyson's App., 191 Pa. 218; Wunder's Est., 270 Pa. 281; McKee's App., 104 Pa. 571; Gilmor's Est., 154 Pa. 523, 534; Ashton's Est., 134 Pa. 390, 395;

Hildebrant's Est., 268 Pa. 132; Gould's Est., 270 Pa. 535; Kellerman's Est., 242 Pa. 3; Metzger's Est., 242 Pa. 69.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 24, 1922:

The will of Samuel Miller creates two life estates, first for his wife Catharine, and next, at her death, for his daughter Theodosia; it further provides: "After the decease of my said daughter Theodosia Miller and my said wife Catharine Miller, then all the rest, residue and remainder of my said estate, real, personal and mixed, I do give, devise and bequeath unto all the lawful heirs of myself and my wife Catharine Miller, to be divided among them as provided and required by the intestate laws of the State of Pennsylvania." Testator died first, survived by his daughter and her mother, as his nearest heirs under the intestate law; the mother went next, leaving Theodosia as the nearest heir, who subsequently died unmarried and without issue.

The questions involved,—as stated by appellant, the executrix of Theodosia Miller, deceased, who appeals from an award to the collateral heirs of testator and his wife, respectively, made on the adjudication of an account filed by the trustee under the will of her decedent's father,—is: "Under the terms of the will of Samuel Miller, deceased, did the corpus of his estate, after the death of his wife Catharine Miller, and his daughter Theodosia Miller, pass to the collateral heirs of himself and his wife Catharine, or to the executrix of the will of his daughter Theodosia, and the legal representatives of his wife Catharine?"

Appellant cites, among other authorities, McFillin's Est., 235 Pa. 175, 177, where this court said: "The thoroughly settled rule of construction is that where a testator directs that, in a certain event after the expiration of a particular interest, the estate shall go to his heirs......or to the persons who would take under the

intestate laws, he is understood as meaning the persons who would have so taken at the time of his death......, unless a different intent is plainly manifested in his will"; and, relying on the principle thus stated, it is contended that Theodosia, being testator's and his wife's only child, necessarily was his and her heir and next of kin, and, therefore, appellant, as the executrix of Theodosia's will, should have been awarded the estate in controversy, or it should have been awarded to her and the legal representatives of testator's widow,—the same result being reached in either way, namely, the estate, in the end, would pass under Theodosia's will.

When read as a whole, however, Samuel Miller's testamentary dispositions show conclusively that, by "all the lawful heirs of myself and my wife," he contemplated such heirs as would have inherited respectively from his wife and himself had they never had a child,—in other words, the collateral heirs of each of them; for immediately after the devise to the heirs of himself and wife, he says, "the share of my sister Mary Hawthorn is never to be paid into her hands, nor to any of her children, but to be paid to a trustee......; the shares or portions due to the children of my brother, Abraham Miller and the share or portion coming to my brother John Miller, shall never be paid to them but to a trustee......; [and] the shares of my sister Mary Hawthorn and my brothers Abraham Miller and John Miller and their children to go to their legal heirs after their decease."

Appellant's contention that these last quoted provisions, in connection with a subsequent part of the will pointed out by her, mean only that, if testator's wife and daughter should die before him, his estate would then pass to his collateral heirs, but not otherwise, cannot be sustained. The part of the will to which appellant refers states: "Provided further and I do hereby direct that in case my daughter Theodosia Miller should die without issue and my estate shall become distributable to collateral heirs as aforesaid, then I direct that one-half of

my whole estate, real, personal and mixed shall go to and be divided among my heirs and the other one-half of my said estate is to go to and be distributed among the lawful heirs of my wife Catharine Miller as herein specified." When this language is read with all that goes before, and the plural words of the testator,—"all the heirs of myself and wife"—are kept in mind, it is clear that he did not intend to give his estate to only one heir, his daughter Theodosia, and have it pass down from her. On the contrary, the will itself shows testator anticipated that his wife would survive him; that his daughter would survive her mother; and that the heirs specified were to take after the death of the daughter. Finally, the parts of the will which we have quoted, as well as other provisions, indicate that, while testator contemplated a possible marriage, and issue, for his daughter, yet he considered them improbable; apparently, what he looked forward to, and intended to provide for, was just the situation which has arisen.

We see no error in the answer given by the court below to the question here presented.

The decree is affirmed; costs to be paid out of the fund for distribution.