# Murphey's Estate.

*Wills — Construction—Vested and contingent—"Legal heirs"—Heirs ascertained as of date of testator's death—Intestate law.*

1. A devise or bequest to heirs at law of a testator, or to his next of kin will be construed as referring to those who are such at the time of testator's decease, unless a different intent is plainly manifested by the will.

2. Where a testator creates a trust to pay income to his children and their respective issue until the death of the last survivor of his children, and directs that after such death all of his estate shall "be divided and distributed among and between my legal heirs in such portions and shares as they may be justly and legally entitled to receive according to the laws of Pennsylvania," the "legal heirs" are to be ascertained as of the death of the testator, and not as of the date of the death of the last surviving child.

3. A different intent is not manifested because testator directs elsewhere in his will that if any of his children make demand or claim against him or his estate "other than what I have so hereinbefore devised and given," the bequest "hereby by me before given" to them shall be void, and "the share which he, she or they would have inherited or taken, shall be divided and distributed among my other children aforesaid."

4. The postponement of the payment of the principal of the estate was intended for the purpose of carrying out testator's scheme to create a trust to protect the estate, and facilitate the distribution of income therefrom, throughout the lifetime of his children; it was not on account of the character of those who ultimately were to receive the principal.

5. Testator's intent would seem to be to keep his residuary estate in trust for his children till the death of the last of them, then to be divided according to the intestate law.

Argued January 18, 1923. Appeals, Nos. 192-200, by Albert Norcross, guardian, et al., from decree of O. C. Phila. Co., Oct. T., 1896, No. 330, sustaining exceptions to adjudication in estate of Alexander V. Murphey, deceased. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of HENDERSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by THOMPSON, J. HENDERSON, J., dissenting. See 1 D. & C. 380. See also opinion by GEST, J., 21 Pa. Dist. R. 1103, in prior adjudication.

Albert Norcross, guardian of Albertus Norcross et al., appealed.

*Error assigned,* inter alia, was decree, quoting record.

*H. B. Gill,* with him *J. F. Shrader* and *J. Rech Guckes,* for appellants.—Testator's evident intent was to pass his estate to his descendants, if any, upon the death of his children: Leech's Est., 274 Pa. 369; Alburger's Est., 274 Pa. 15; Hildebrandt's Est., 268 Pa. 132; Miller's Est., 275 Pa. 30; McKee's Est., 198 Pa. 255; Dailey's Est., 268 Pa. 381; Groninger's Est., 268 Pa. 184.

*Francis Shunk Brown,* with him *Francis Shunk Brown, Jr.,* and *Ira Jewell Williams,* for Annetta E. Moll et al., appellees.

*John Stokes Adams,* for Joseph C. Murphey and John Stokes Adams, executors of will of Mary E. Stockton, deceased, appellees.

*John D. McMullin,* for Annie N. Heulings, administratrix, appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 26, 1923:

The controversy here involved arises out of the will of Alexander V. Murphey, who died October 12, 1895. He placed his residuary estate, real and personal, in trust to pay the income to his surviving children and the issue of those who predeceased him,—such issue in each instance to take between them the share their parent

would have taken if living,—and at the death of any surviving child, to that child's issue in like manner, until the death of the last survivor of his (the testator's) children; then the will provides as follows: "Eighth: I direct......if any of my children,......their heirs, executors and administrators shall claim demand [or] prosecute any action or suit for any claims against me or my estate other than what I have so hereinbefore devised and given him her or them, or any of them, then ......the several legacies and bequests hereby by me before given or intended to be given to him, her or them or any of them, shall cease and be void to all intents and purposes, anything to the contrary notwithstanding; and in that case I order......that the share which he, she or they would have inherited or taken, shall be divided and distributed among my other children aforesaid......Ninth: from and immediately after the death of the last survivor of my children, all the residue of my estate......I desire and direct [shall] be divided and distributed among and between my legal heirs in such portions and shares as they may be justly and legally entitled to receive according to the laws of the State of Pennsylvania."

The last of testator's children died October 7, 1921, and the trust terminated; thereupon the question arose, whether the "legal heirs" contemplated by testator were to be ascertained as of the date of his death or the date of the death of his last surviving child.

The auditing judge, being of opinion that the last-mentioned date controlled, refused to award any portion of the principal to the executors of Mary E. Stockton, a daughter of testator, who survived her father and died, without issue, in 1902. The orphans' court sustained exceptions and directed that the residuary estate be distributed to the personal representatives of testator's five children, all of whom were living at his death; from the final decree of the court below to this effect, the present appeals are brought.

Appellants contend that, from the will itself, without regard to rules of construction, it is evident testator intended the estate in question to pass to his descendants, whoever they might be, on the death of his last child; and, to sustain this position, they argue that when, in the eighth paragraph of his will, testator forbade his children, and their "heirs, executors and administrators," from making any claim "other than what I have so *hereinbefore* devised and given them," he showed his intention to limit their interests to life estates. Standing alone, these words might lend some force to appellants' contention; but the claims to which testator refers are demands either against himself or his estate ("against me or my estate"), and the gifts to be forfeited, if such demands should be made, are "legacies and bequests hereby by me *before* given"; then, later in the same sentence, the will provides that, if any child make such claim, 'the share which he, she or they *would have inherited* or taken, shall be divided and distributed among my other children aforesaid." When read together, these provisions cannot be said to show clearly an intent of testator to deprive any of his children of an interest in the principal of his residuary estate, which is not mentioned or disposed of till the following (9th) paragraph of the will; and, even if we view it otherwise, considering that the forfeited interests go to enlarge the shares of his "other children," it would look as though testator considered these legatees as having vested interests. The 8th paragraph probably was intended to apply to the dispositions theretofore made, not to the principal of the residuary estate; also, testator (who, the will shows, had financial dealings with his children) probably had in mind, when he drew the 8th paragraph, claims against his estate of an adverse nature. Be these points as they may, however, the paragraph under discussion does not throw sufficient light on the question here involved to control the interpretation of the will.

The postponing payment of the principal of his residuary estate was evidently intended for the purpose of carrying out testator's scheme to create a trust to protect the estate, and facilitate the distribution of income therefrom, throughout the lifetime of his children; it was not on account of the character of those who ultimately were to receive such principal. Hence, the rule in Rosengarten v. Ashton (228 Pa. 389) does not apply: see Groninger's Est., 268 Pa. 184, 191.

The rule in Buzby's Appeal, 61 Pa. 111, 114, 116, controls. There the testator devised real estate to a trustee for the use of his son William, for life, and after the latter's decease, in trust for his children and the lawful issue of deceased children, and, for want of such child or children or lawful issue, then in trust for the use of his (testator's) "right heirs" forever, and the question arose as to whether testator's "right heirs" were the "persons who were his heirs at his death......or those who were his heirs at the death of his son William." In holding the former class took the estate, we said it is a "well settled" rule of the construction that "a devise or bequest to heirs, or heirs at law, of a testator,......will be construed as referring to those who are such at the time of the testator's decease unless a different intent is plainly manifested by the will." This rule has been frequently followed since: see McFillin's Est., 235 Pa. 175, 177; Tatham's Est., 250 Pa. 269, 276; and Groninger's Est., 268 Pa. 184, 188.

There is no difficulty in distinguishing the instant case from Leech's Est., 274 Pa. 369, recently decided by us, and involving much the same question. In that case the testator created certain trusts and life estates, and finally directed that "after these trusts have been fully executed *then* the said property shall descend and go as my estate according to the *then* existing laws of Pennsylvania." It was held that distribution should be made to the heirs and next of kin of the testator ascertained at the time the trust terminated, in accordance with his

intent, clearly expressed by twice using the word "then" as an adverb of time. If, on the other hand, "then" had been used as a conjunction, signifying mere contingency, no such expression of intent would have been apparent. See Buzby's App., supra, p. 116.

When the present will is read as a whole, we feel the probabilities are that testator had two paramount desires: he wanted his residuary estate kept in trust for his children till the death of the last of them; then he wished it divided, as his estate, according to the intestate law,—that is to say, as it would have been divided had he left no will; and this the rule adhered to by the court below accomplished.

The decree is affirmed at the cost of appellants.