## Bechtel's Estate.

Argued January 26, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*E. H. Deysher,* for appellant.

*Joseph R. Dickinson,* with him *Ira P. Rothermel* and *William A. Shomo,* for appellees.

PER CURIAM, March 16, 1931:

The Colonial Trust Company of the City of Reading, now the Colonial Northeastern Trust Company, trustee under the will of John R. Bechtel, deceased, appeals from a decree terminating one of the trusts created under the will and distributing the trust fund.

By the ninth item of his will, John R. Bechtel provided as follows: "I hereby appoint the Colonial Trust Company of Reading, Pa., trustee of the property Nos. 402½ and 404 Penn Street and extending to Cherry Street,......, the said trustee to collect the rents and income arising therefrom, and after paying charges and repairs, to divide the balance into seven equal shares and pay one of said shares to each of my six children and to the children of my deceased daughter, Amelia Laura Miller, monthly, the child or children of a deceased legatee to represent the parent, until the death of the last of my children, when I direct my executors to sell said property at either public or private sale, and direct the proceeds thereof to be distributed under the intestate laws of Pennsylvania."

At the instance of the trustee, the trust property was sold to prevent an undue diminishing of the in-

come by depreciation, and the resulting fund placed by the court in the care of the original trustee.

At the time of testator's death on December 12, 1919, he was survived by three daughters, Rena E. Bechtel, who is still living, Susan B. Bechtel, who died in 1924, unmarried and without issue, leaving her estate to Rena E. Bechtel, and Sarah Clarinda Stoudt, who died in 1924, survived by six children and two grandchildren; by three sons, Ernest V. Bechtel, who died in 1922, without issue, leaving his estate to his wife, Annie L. Bechtel, George Irvin Bechtel, who died in April, 1930, leaving his estate to his two children, and Charles William Bechtel, who died in 1925, survived by an only daughter; and by the three children of Amelia Laura Miller, who are still living.

In March, 1929, George I. Bechtel, since deceased, and for whom his children are substituted as petitioners, and Rena E. Bechtel, petitioned the orphans' court to terminate the trust as above provided. They were joined in this petition by the wife of Ernest V. Bechtel, and the children, grandchildren and great gandchildren of testator as shown above (except the children of Sarah Clarinda Stoudt, who did not oppose the termination); the two great grandchildren, minors, being represented by their respective guardians, all others having an interest being sui juris.

The orphans' court concluded that, under all the circumstances, the purpose of the trust was no longer essential, and ordered distribution in shares as provided by the will, "to such of the children of......testator and children of Amelia Laura Miller as may now be living, and to the personal representatives of such as may have since died," holding "that testator intended to give vested interests in his estate to those named."

No substantial reason appears why, under the circumstances here present, the trust should not be terminated, and we find no error in the decree to that effect. A full discussion of the rules governing the termination

of trusts will be found in Johnson v. Provident Trust Co., 280 Pa. 255.

Although appellant points to other parts of the will as upholding the contention that testator intended "the distribution [of the trust estate] to be made to those of his blood entitled......after the death of the last of his children," we find no sufficient basis for such contention as against the clearly expressed language of the item in question and a long line of decisions holding that "where a testator gives his estate......to those who may be entitled under the intestate laws, these classes are to be determined as of the date of his death, even though a life estate intervenes,—the only exception to the rule being where the will contains an expression showing a clear and unequivocal intention to the contrary": Whiteside's Est., 302 Pa. 452, and cases there cited. The record in this case discloses no declaration antagonistic to the rule above referred to.

The decree of the court below is affirmed; costs to be paid out of the trust fund.