## Powelson Condemnation

*Frank A. Conte,* for Redevelopment Authority.

*Thomas L. Anderson,* for condemnee.

*James C. Bane, Frank C. Carroll* and *A. B. Billingslea,* for claimants.

CURRAN, J., August 31, 1966.—The problem presented in this case requires solely an interpretation of item 2 and item 5 of the will of Mary C. Munce. The facts, briefly, in outline are:

Two separate but adjoining properties, described later herein, are involved in the present case. Both were the subject of a condemnation award by a board of view against the Washington County Redevelopment Authority in the total sum of $25,000. In conformity with the present eminent domain code, the authority has asked this court for a decision as to who is entitled to this money.

Mary C. Munce was the owner in fee of these two adjoining properties situate in the first ward of the City of Washington, Washington County, Pa. She devised her home property in item 2 of her will, and in item 5 she devised an adjoining property known as "Mother's" property.

The devise at item 2 reads: "I will, devise, and bequeath the property in which I now reside, Nos. 138 and 140 West Beau Street, Washington, Pennsylvania, fronting seventy-five (75) feet more or less, on West Beau Street and extending back equal width two hundred and forty (240) feet to West Cherry

Avenue, to Daisy Munce Powelson and John M. Powelson, her son, for them to have the use thereof during their natural lives and at their death the said property shall go to and remain in their issue, their heirs and assigns, should they have issue, but in case they have no issue, the said property shall go to and remain in my *lawful* heirs". (Italics added).

The devise at item 2 reads: "I will, devise and bequeath my house and lot adjoining the property I now live on the East, and known as 'Mothers' property fronting twenty-two (22) feet, more or less, on West Beau Street and extending back one hundred twenty (120) feet, more or less, to Daisy Munce Powelson and John M. Powelson, her son, during their natural lives and at their death to their issue, their heirs and assigns forever, and should they have no issue living at their death, the same to revert and remain in my *legal heirs*". (Italics added).

Daisy Munce Powelson was the only child Mary C. Munce ever had, and John M. Powelson was the only child Daisy Munce Powelson ever had.

Mary C. Munce died a widow, August 31, 1920. Her husband, John Munce, died October 15, 1894.

Daisy M. Powelson died February 16, 1943, leaving a husband, Joseph B. Powelson, and her only child, John M. Powelson.

Joseph B. Powelson, husband of Daisy M. Powelson, died February 23, 1954, intestate, leaving as his only heir, his son, John M. Powelson: bond book vol. 54, page 100.

It is conceded by all the parties, and we agree, that the estates created by these devises, item 2 and item 5, will book vol. 34, page 69, were not joint estates, there being no words indicating right of survivorship.

As is in all cases requiring an interpretation of the words "die without issue" or words purporting a similar meaning, the close scrutiny of every single word

in the devise becomes absolutely necessary and essential. In this case, it will be observed that item 2 contains the phrase, "shall go to and *remain in* their issue". (Italics added). We feel that the phrase "and remain in their issue" is of high importance in any attempt at discovering the true intention of this testator. Going now to item 5, it is to be noted that the wording is not exactly the same; the phrase "and remain in their issue", appearing in item 2, does not appear in item 5. And the phrase "and should they have no issue living at their death", as it appears in item 5, reads only "but in case they have no issue" in item 2. Nevertheless, we feel that a careful reading of both of these items shows clearly that it was the intention of Mary C. Munce to have each of these properties vest in the same manner; in her daughter, Daisy Munce Powelson, and her grandson, John M. Powelson, both as to the life estates created and the remainders as well. What, then, was the full intention of testator? It seems obvious from the wording in item 2 that it was her desire to have title to the home property stay in and continue in her daughter and her grandson and their issues, if any they had. Under section 15 of the Wills Act of June 7, 1917, P. L. 403, applicable here, reannounced in the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14, which reenacted the wording of the Act of July 9, 1897, P. L. 213, which in turn was simply declaratory of the common law, in so far as devisees were concerned, the words "die without issue", or similar phrases, must be construed as meaning a definite failure of issue, rather than an indefinite failure of issue, unless a contrary intention appears from the will. Rather than any such contrary intention here, we feel that testator clearly intended a definite failure of issue. We lay great stress on the words "go to and remain in their issue", as read from item 2. Definite failure as of what time, then? We be-

lieve this to be, in item 5 as well as item 2, at the date of the death of each life tenant, for we are constrained to hold that the only proper interpretation of item 5 would have to take into consideration the purport of the wording in item 2 as well, if we would discover testator's real intention. As a matter of fact, the same thing is true in construing item 2; it must be read in the light of the wording and construction of item 5. Thus, we feel that at the termination of the life estates of Daisy Munce Powelson (items 2 and 5 of her will), an undivided one half interest in fee, vested in John M. Powelson as remainderman, he being the sole issue of his mother. On this score, there can hardly be any dispute. Also, we agree with the contention of John M. Powelson that under the law as it stood at the date of the death of Mary C. Munce, August 31, 1920, (now changed: see the Act of June 29, 1923, P. L. 914. Also the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.14; also the Wills Act of April 24, 1947, P. L. 89, sec. 14(2), 20 PS §180.14), the word "heirs", when used as in the present case, referred to those persons who were such at the time of testator's death, not those who might be determined at a later date, i.e., at the end of a life estate or at some other time, or upon the happening of some other contingency. Such an interpretation controlled at that time (date of death of Mary C. Munce, as well as at the date of her will, February 8, 1918), unless a different intent was plainly manifested by the wording of the will itself. So that, as here, if a life tenant was such an heir, he would not on that account alone be excluded from being a remainderman as well. Thus, while it was possible for testator here to use the word "heirs" to mean persons other than those who were her heirs at the time of her death, she did not do so under the wording of her will, we believe: Barnard Estate, 351 Pa. 313 (1945); Stewart's Estate, 147 Pa. 383 (1892); Fitzpatrick's Es-

tate, 233 Pa. 33 (1911) ; Thompson Trust, 363 Pa. 85 (1949) ; and Laughlin's Estate, 336 Pa. 529 (1939). Webster defines a thing as manifest when it is certain, obvious, readily perceived. Such is not the case here; we feel there is no clear manifestation of any such intention to the contrary. On a reading of the cases cited, the wording found in them, when compared with the wording used in the Munce will, fails to persuade us that there is any clear manifestation of intention on the part of testator to use the word "heirs" in any other context than that already stated. So that it becomes of more than passing interest here to note that John M. Powelson, in addition to being the only issue of his mother, would also be the sole heir entitled to come into the remainder interest after his mother's life estate, in both properties, were there no question of issue involved, his mother being the sole heir of testator, Mary C. Munce. So that from this viewpoint alone these remainders would vest in John M. Powelson, the sole heir of his mother, Daisy M. Powelson.

As to the other two remainders, after the undivided one half interests in both properties in John M. Powelson for life, we conclude that, should the latter die leaving issue, then such issue would obviously come into both of these undivided interests in remainder. However, should John M. Powelson die without issue, then under the terms of the will of Mary C. Munce, applying the law as it was at the date of her death, as we have discussed before, these two remainders would then go to her only heir, namely her only child, Daisy M. Powelson. (Mary. C. Munce died a widow, her husband having predeceased her on October 16, 1894.) And since, by the terms of the will of Daisy M. Powelson, will book 64, page 154, she left everything to her son, John M. Powelson, the latter and his estate would then be entitled to these two remainders. Joseph B. Powelson, father of John M. Powelson, and husband

of Daisy M. Powelson, died February 23, 1954, intestate, leaving as his sole heir, his son, John M. Powelson.

So that whether John M. Powelson dies leaving issue or dies without issue, in which latter case he would take as the sole heir of his mother, the result would be the same, and his own heirs of devises would then become entitled to these remainders on determination of his life estate: Buzby's Appeal, 61 Pa. 111 (1869), and cases therein cited.

### DECREE

And now, August 31, 1966, it is the decree of this court that John M. Powelson is entitled to the entire sum of $25,000, which represents the full condemnation award against the Redevelopment Authority of Washington County for the taking of the properties involved in the proceeding; and further that said authority pay over this entire sum to John M. Powelson.